UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                Plaintiff,

      V.

JOHN MORAN,

                Defendant.

**REPORT AND RECOMMENDATION**

08-CR-6222L

      By order dated October 27, 2008, the Honorable David G. Larimer referred the undersigned to "hear and determine" any pretrial matter pending before the court, which a Magistrate Judge may hear and determine pursuant to 28 U.S.C. 636(b)(1)(B) and thereafter to submit to the District Judge proposed findings of fact and recommendations for the disposition by the District Judge. (Docket #10). The defendant filed a motion to suppress statements made by the defendant on July 12, 2008 and testimony by police regarding keys seized from 179 Santee Street on that date. (Docket #13). An evidentiary hearing was conducted on January 30, 2009, and the Court notified counsel that an oral Report and Recommendation would be issued in court on January 30, 2009 regarding the pending motion to suppress.

      For the reasons set forth by the Court in open court on January 30, 2009, it is my Report and Recommendation that the motion to suppress statements and evidence relating to keys seized from 179 Santee Street be **DENIED**.

                                              *Marian W Payson*
                                            Hon. Marian W. Payson
                                          United States Magistrate Judge

Dated: February 5, 2009
Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                            *Marian W Payson*
                                            MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
        February 5, 2009

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(F) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).