UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          Plaintiff,

                                                DECISION AND ORDER

                                                08-CR-6222L

                v.

JOHN MORAN,

                          Defendant.
_____

      This Court referred all pretrial matters and motions to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b). Subsequent to the filing of the indictment against the defendant, John Moran ("Moran"), he moved to suppress an oral statement that he made to arresting officers on July 20, 2008. Moran had been seized at the time officers from the Rochester Police Department executed a search warrant at 179 Santee Street, Rochester, New York.

      Moran claims the statement at issue was taken in violation of *Miranda v. Arizona,* 384 U.S. 436 (1996).

      Magistrate Judge Payson conducted a suppression hearing on the matter and at the conclusion of that hearing, she issued an oral Report and Recommendation, recommending that this Court deny the motion to suppress. Defendant duly filed objections to Magistrate Judge Payson's Report and Recommendation and, therefore, the matter is now before this Court for review.

I have carefully reviewed the defendant's objections and a transcript has been prepared of the suppression hearing, which involved the testimony of only one witness, Investigator Scott Hill. I have also reviewed Magistrate Judge Payson's oral Report and Recommendation which was made at the conclusion of the hearing.

This Court must conduct a *de novo* review based on the objections. After reviewing all the matters, I see no reason to modify, change or alter Magistrate Judge Payson's Report and Recommendation, and I adopt it in its entirety. I agree with the Magistrate Judge that Moran was in custody, but I also agree with her assessment that the statements made by the officers relative to clothing did not constitute interrogation. Moran was partially clothed when the officers came in contact with him and the questions to Moran simply related to whether he had clothing inside the apartment that he needed. Moran then made a spontaneous statement about having clothing and keys. The officers seized those keys which fit the locks on the premises.

Magistrate Judge Payson also concluded that the keys probably would have been seized in any event pursuant to the search warrant, since Investigator Hill testified that it was the normal practice in executing narcotics-related search warrants to seize such items.

In any event, after reviewing the transcript of the suppression hearing, it seems clear that Moran's statements were spontaneous and were not the product of custodial interrogation. Therefore, the fact that he did not receive the *Miranda* warnings prior to making the statement does not render those statements inadmissible.

CONCLUSION

I accept and adopt the oral Report and Recommendation, made orally on January 30, 2009, and the written Report and Recommendation on February 5, 2009 (Dkt. #19) by United States Magistrate Judge Marian W. Payson.

Defendant John Moran's motion to suppress statements and physical evidence is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 30, 2009.